# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. DARRYL ALLEN,<br>      Petitioner,<br><br>    v.<br><br>NEDRA CHANDLER,<br>Warden, Dixon Correctional Center,<br><br><br>      Respondent. | )<br>)<br>)<br>)<br>)  No. 02 C 7631<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

  On October 23, 2002, Darryl Allen ("Petitioner" or "Allen") petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) By Minute Order of December 16, 2002, we dismissed the petition without prejudice on grounds that Allen had not exhausted his state court remedies, because his third post-conviction petition was still on appeal. (Min. Order of Dec. 16, 2002 (Dkt. 11.)) Accordingly, we granted Allen leave to file a motion for reinstatement within 63 days after the issuance of a decision by the Illinois Supreme Court ruling on that appeal. (*Id.*) Following the Illinois Supreme Court's denial of leave to appeal, Allen timely filed a motion for reinstatement (Dkt. 13,) which we granted by Minute Order of June 13, 2006 (Dkt. 14.)

  With this petition for habeas relief, Allen challenges his conviction on 17 grounds, enumerated "A" through "Q." (Pet. pp.5-8.) Respondent Nedra Chandler, Warden of the Dixon Correctional Center (the "State"), contends that each of Allen's claims is either procedurally

1

defaulted or without merit. (*See* Resp.) Allen's Petition and Supporting Memorandum of Law were both filed *pro se*, but he has since obtained counsel for the preparation of his Reply Memorandum. (Dkt. 23-24, 28.) Allen's reply does not "forego[] any of the issues raised" in his Petition, though it only addresses issues "M" and "N." (Pet. Reply p.1, Dkt. 28.) For the reasons set forth below, we deny Allen's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Allen was tried twice for armed robbery. The first trial ended in a mistrial because the jury could not reach a unanimous verdict. Following a second jury trial in 1992, Allen was convicted and sentenced to 48 years in prison. The facts underlying Allen's conviction, as found by the Illinois courts, are as follows.[1]

On the evening of October 26, 1990, an armed robbery occurred at the General Store, a gas station and convenience store located in Will County, Illinois. For security purposes, the store had a video surveillance camera installed behind the counter in the store. The camera was operating on the night of the robbery. *People v. Allen*, 619 N.E.2d 827, 828 (3rd Dist. 1993).

Cheryl Smithson ("Smithson" or the "victim") testified that she was a General Store employee and was working the 3 p.m. to midnight shift on October 26, 1990. At approximately 10 o'clock that evening, while Smithson was assisting another customer, a man whom she identified as Allen entered the store. He walked to the soft drink cooler at the back of the store, then turned around and left without making a purchase. Smithson testified that, a short time later, Allen re-entered the store and walked to the front counter. Smithson went to the front counter to help him.

---

[1] We presume that the state court's account of the facts is correct, because it has not been rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 547 (1981).

As she got behind the counter, Allen pulled out a gun, leaned across the counter, and showed it to her. She was less than a foot away from Allen. Smithson testified that the gun was black, made of metal, had a slide on the top, and had a small opening at the end of the barrel the size of a bullet. She stated that the gun appeared to be real. Defendant then told Smithson to give him the money from the cash register. After she had given him the bills and coins, defendant told Smithson to get down on the floor. She got down behind the counter and defendant left the store. Smithson then pressed an alarm button to alert the police. *Id.* at 828-29. Subsequently, Smithson identified Allen as the perpetrator in a photographic lineup. (Resp. Ex. N, *People v. Allen*, No. 3-99-0761, at 2 (3rd Dist. 2001)).

The store's owner testified that Allen was a frequent customer. (*Id.*) The State entered into evidence a video tape taken from the surveillance camera which showed the robbery in progress, and Smithson identified Allen as the robber on the video tape. *Allen*, 619 N.E.2d at 828-29. Joseph Farmer, a police officer, testified that he went to Atlanta, Georgia in late December of 1990 or early January of 1991 to arrest Allen on a warrant. He tried unsuccessfully to speak with Allen about a number of cases while they waited for their airplane. For reasons that remain unclear, defense counsel cross-examined Farmer on Allen's post-arrest silence and general refusal to cooperate. (Resp. Ex. N, *People v. Allen*, No. 3-99-0761, at 2 (3rd Dist. 2001)).

On direct appeal, Allen argued that: 1) the trial court erred in refusing to instruct the jury on the lesser included offense of robbery; and 2) the report prepared prior to sentencing was inadequate, and his sentence was excessive. *Allen*, 619 N.E.2d at 828. The Court affirmed his conviction. *Id.* Allen then filed a *pro se* Petition for Leave to Appeal ("PLA") with the Supreme Court of Illinois, which the Court denied. (*See* Resp. Ex. F, Order Denying PLA, *People v. Allen*,

No. 76186 (Ill. Dec. 23, 1993)).

After exhausting his state court remedies on direct appeal, Allen filed a *pro se* petition for a collateral post-conviction hearing ("PCH") under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122. (PCH Pet., Resp. Ex. G, *People v. Allen*, No. 90 CF 3964 (Will Cty. Cir. Ct.)). Shortly thereafter, Allen obtained counsel and amended his petition twice, ultimately raising a number of issues relating to the effectiveness of his trial and appellate counsel. (Resp. Ex. I, Sec. Amend. PCH, *People v. Allen*, 90 CF 3964 (Will Cty. Cir. Ct.)). The circuit court dismissed Allen's petition on the merits. (Resp. Ex. J, Court Order of Sep. 7, 1999, *People v. Allen*, 90 CF 3964 (Will Cty. Cir. Ct.)). Allen appealed that dismissal, "claiming that (1) his trial counsel was ineffective for eliciting evidence about his post-arrest silence, and (2) his appellate counsel was ineffective for not arguing his trial counsel's effectiveness." (*See* Resp. Ex. N, Court Order of June 11, 2001, *People v. Allen*, 90 CF 3964 (3rd Dist.)). The Appellate Court affirmed the lower court's dismissal, *id.*, and Allen subsequently filed a PLA with the Supreme Court of Illinois, which it denied. (*See* Resp. Ex. P., *People v. Allen*, No. 91828 (Ill. Oct. 3, 2001))

Finally, Allen filed a second, "successive" *pro se* petition for post-conviction relief. (Resp. Ex. Q, Succ. PCH Pet., *People v. Allen*, No. 90 CF 3964 (June 13, 2002)). However, the circuit court dismissed it on grounds that Allen had raised "the same issues that [were] addressed in his appeal." (*See* Resp. Ex. R, Letter of July 10, 2002 Notifying Pet. of Denial of PLA.) Allen appealed, arguing that the successive petition was warranted, because counsel in the first post-conviction hearing provided him with ineffective assistance of counsel, rendering those proceedings fundamentally deficient. (Resp. Ex. U, Court Order of Feb. 20, 2004, *People v. Allen*, 90 CF 3964 (3rd Dist.)) The Appellate Court affirmed, holding that Allen was not "entitled to further

proceedings in the circuit court to determine the merits of his successive postconviction petition." (*Id.* at 3.) Most recently, Allen filed a PLA with the Supreme Court of Illinois, which the Court denied. (*See* Resp. Ex. W, Letter of Sep. 29, 2005 Notifying Pet. of Denial of PLA.) With this last denial, Allen exhausted his state court remedies.

## DISCUSSION

### A.     Procedural Prerequisites

Before we may consider a petition for a writ of habeas corpus on its merits, the petitioner must give the state courts one full opportunity to resolve any constitutional issues by proceeding through the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). Otherwise, the petitioner risks procedural default. And, notwithstanding a petitioner's presentation of federal claims at the state court level, "[a] federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002) (citing *Stewart v. Smith*, 536 U.S. 856 (2002); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

In order to give the state courts one full opportunity to resolve his federal claims, the petitioner must: 1) exhaust all remedies available in state courts; and 2) fairly present any federal claims in state court first. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir.1996) (citing 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971)). First, "[t]he exhaustion requirement insists that if the state courts have not yet had a full and fair opportunity to consider the petitioner's constitutional claims and remain open to address these claims, the petitioner must take his claims there first." *Cawley v. Detella*, 71 F.3d 691 (7th Cir. 1995) (citing *United States ex rel. Simmons*

5

*v. Gramley*, 915 F.2d 1128, 1132 (7th Cir.1990); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). Here, the Illinois state courts are no longer open to Allen's claims, and so he has exhausted his state remedies. *See id.*

Second, fair presentment requires that the petitioner show "that he raised the claims being made on habeas during the state proceedings and that he gave the highest state court an opportunity to address these claims." *Cawley v. Detella*, 71 F.3d 691, 693-94 (7th Cir. 1995) (citing *Jones v. Washington*, 15 F.3d 671, 674-75 (7th Cir.), *cert. denied*, 512 U.S. 1241, 114 S. Ct. 2753 (1994); *Mason v. Gramley*, 9 F.3d 1345, 1347-48 (7th Cir.1993)). Thus, the petitioner "must raise the issue at *each and every level* in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (emphasis added) (internal citations omitted). For Illinois' state court system, this applies to petitions for collateral post-conviction relief as well as direct appeals, and so "failure to appeal the dismissal of a post-conviction petition in Illinois state court will ordinarily . . . preempt[] further habeas review in federal court." *Cawley v. Detella*, 71 F.3d 691, 694 (7th Cir. 1995)

However, even where a habeas petitioner has failed to properly raise a claim in state court, he can avoid procedural default if either 1) there is "cause" for that failure *and* actual prejudice as a result of the alleged violation; or 2) procedural default "would lead to a 'fundamental miscarriage of justice.' " *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir.), cert. denied, 512 U.S. 1241 (1994); *Mills v. Jordan*, 979 F.2d 1273, 1277-79 (7th Cir.1992)). "The fundamental miscarriage of justice exception requires a claim that the defendant be actually innocent of the crime for which he or she is imprisoned." *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996)

6

(citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19 (1992)).

B. **Petitioner's Procedurally Defaulted Claims**

As an initial matter, we observe that the majority (11) of Allen's 17 claims are procedurally defaulted, and so we dispose of those claims first.

    I.    *Claims D, E, F, and J: Counsel Refused to Allow Petitioner to Testify at Trial; Trial Court Limited Cross-Examination of Victim; Improperly Suggestive Photo Lineup; State's Reference to Petitioner's "Flight" as "Evidence of Guilt"*

Allen claims that: 1) he was denied his right to testify because his trial counsel refused to allow him to do so; 2) he was denied his right to confront and cross-examine witnesses against him when the trial court limited cross examination of the victim; 3) he was denied his right to a "fair and impartial trial" because the victim was shown an improperly suggestive photo lineup; and 4) he was denied his right to a fair trial because the prosecution referred to his presence in Atlanta, Georgia following the robbery as evidence of guilt. (Pet. p.6-7.)

All four of these claims are procedurally defaulted for the same reason. Though Allen did present them in his first collateral post-conviction petition, (Resp. Ex. I, Sec. Amend. PCH, *Allen*, 90 CF 3964 at 6), he failed to raise them in appealing the circuit court's dismissal of that petition. (*See* Resp. Ex. K, Pet. App. Br., *People v. Allen*, 3-99-0761 (3d Dist. 1999)). On appeal, Allen framed the issue presented as "whether the court below erred in dismissing the second amended petition when the allegations support a finding that trial counsel violated the tenets of *Doyle v. Ohio*, 426 U.S. 610, when she elicited information concerning the defendant's post-arrest silence and appellate counsel failed in his duties when he did not raise this issue in direct appeal." (Resp. Ex. K, Pet. App. Br., *Allen*, 3-99-0761, at 2.) As such, Allen has failed to raise these claims "at each and every level in the state court system." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)

(emphasis added) (internal citations omitted).[2] Because Allen has not attempted to show that there was "cause" for this failure, nor does he assert that procedural default would lead to a "fundamental miscarriage of justice," we find that these claims are procedurally defaulted. *See Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996).

> ii. *Claims C, G, H, I, and K: Petitioner's* Batson *Claim; Trial Court's Demand that Petitioner Remove his Glasses and Stand Before the Jury; Trial Counsel Was Ineffective for Failing to Impeach Victim's Identification; Trial Counsel Was Ineffective for Failing to Cross-Examine Victim Concerning Visual Impairment; State's Improper Comment on Evidence*

Next, Allen claims that he was denied due process and his right to a fair trial because "the jury pool did not properly reflect the ethnic make-up of the community since no African Americans were on the jury or jury pool . . . ." (Pet. p.6.) Additionally, he claims that the trial court's demand that he remove his glasses and stand before the jury "ma[de] the jury a panel of witnesses"; that his trial counsel was ineffective for failing to impeach the victim as to her identification of him; that trial counsel was further ineffective for failing to cross-examine the victim concerning her visual impairment; and that the prosecution made an improper reference to a video tape which was in evidence. (*Id.* pp.6, 8.) All four of these claims suffer from the same defect: Allen never presented them on direct appeal, see *Allen*, 249 Ill. App. 3d at 888, 619 N.E.2d at 827, nor did he present them

---

[2]The disposition of Allen's successive petition for post-conviction relief further supports our finding that these claims are procedurally defaulted. In affirming the circuit court's dismissal of that petition as waived, the Appellate Court noted that Allen's "claim of ineffective assistance of trial counsel for abandoning an alibi defense was waived by [his] failure to include the issue in his appeal from the trial court's dismissal of his first postconviction petition." (Resp. Ex. U, Court Order of Feb. 20, 2004, *Allen*, 90 CF 3964, at 3.) This would be the case for *any* claim set forth in his first petition that he failed to raise on appeal, including the three discussed, here. "A default supplies an independent and adequate state ground for the judgment, so that questions of federal law no longer affect the outcome." *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993).

8

in his collateral post-conviction petition. (*See* Sec. Amend. Pet. for Post Conviction Relief, Resp. Ex. I..) Because Allen has not shown "cause" for these failures, and does not assert that procedural default would lead to a "fundamental miscarriage of justice," see *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996), we find that these claims are procedurally defaulted.

      *iii.*  *Claims P & Q: Trial Court's Denial of Petitioner's Motion for Supplemental Discovery; Petitioner's* Apprendi *Claim*

Finally, Allen argues that the trial court deprived him of his rights to due process and a fair trial by denying a motion for supplemental discovery, and by sentencing him in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. CT. 2348 (2000). (Pet. p.8.) However, Allen did not raise either of these claims until he brought his *successive* petition for collateral post-conviction relief. (*See* Resp. Ex. Q, Succ. PCH Pet., *Allen*, No. 90 CF 3964.) The circuit court denied that petition as barred (see Resp. Ex. R, Letter of July 10, 2002 Notifying Pet. of Denial of PLA,) the Appellate Court affirmed – noting that Illinois' Post Conviction Hearing Act "contemplates the filing of only one postconviction petition" (see Resp. Ex. U, Court Order of Feb. 20, 2004, *Allen*, 90 CF 3964) – and the Supreme Court of Illinois denied Allen's PLA. (*See* Resp. Ex. W, Letter of Sep. 29, 2005 Notifying Pet. of Denial of PLA.)

"A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002) (citing *Stewart v. Smith*, 536 U.S. 856, 122 S. Ct. 2578, 2580-81,(2002); *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546 (1991)). If the decision of the last state court to which the petitioner presented his federal claims "clearly and expressly" relies on the procedural default, then there is an independent state procedural ground for the decision. *See id.* Here, there is no question that the

Appellate Court found these claims to be procedurally barred. In affirming dismissal of the petition, it stated that "[t]he sole issue on review is whether defendant is entitled to further proceedings in the circuit court to determine the *merits* of his successive postconviction petition." (Resp. Ex. U, Court Order of Feb. 20, 2004, *Allen*, 90 CF 3964, at 3 (emphasis added)). Finally, Allen has not shown that there was "cause" for this failure, nor has he shown that procedural default would lead to a "fundamental miscarriage of justice." *See Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Thus, Allen's forfeiture of these claims is a matter of Illinois law, rendering them procedurally defaulted.

### C. Petitioner's Other Claims

#### I. Claim A: Trial Court's Failure to Instruct on a Lesser-Included Offense

Allen argues that the trial court erred in failing to instruct the jury on the lesser- included offense of simple robbery, because it ignored evidence that a real gun was not used in the robbery. (*See* Pet. Supp. Mem. p.3.) Even giving Allen the "benefit of the doubt on whether he properly preserved this issue as a federal, as opposed to state law, claim," we find no cause here to disturb the ruling of the Illinois courts. *Charlton v. Davis*, 439 F.3d 369, 375 (7th Cir. 2006) (citing *Sweeney v. Carter*, 439 F.3d 369) (7th Cir. 2006).

"In general, the failure of a state trial court to instruct the jury on a lesser offense does not implicate a federal constitutional question and will not be considered in a federal habeas corpus proceeding." *Reeves v. Battles*, 272 F.3d 918, 920 (7th Cir. 2001) (citing *United States ex rel. Peery v. Sielaff*, 615 F.2d 402, 404 (7th Cir.1979)). Indeed, "[i]n noncapital cases, failure to charge a lesser included offense will be found to violate due process 'only when the error is so fundamental a defect as to cause a fundamental miscarriage of justice.' " *Charlton v. Davis*, 439 F.3d 369, 375

(7th Cir. 2006) (quoting *Robertson v. Hanks*, 140 F.3d 707, 710 (7th Cir.1998)). Under that standard, our "specific inquiry" is whether the failure to provide a simple robbery instruction "so infected the entire trial that the resulting conviction violated the appellant's right to due process." *Reeves*, 272 F.3d at 920 (citing *Peery*, 615 F.2d at 404.)

In affirming Allen's conviction, the Appellate Court of Illinois observed that "the victim testified that the gun was black, made of metal, and looked real"; that she "saw the gun from a distance of less than one foot"; and that there "was no evidence presented to contradict the victim's testimony or otherwise question the authenticity of the gun." *People v. Allen*, 619 N.E.2d 827, 829, 249 Ill. App. 3d 888, 891 (3rd Dist. Ill. 1993). Allen now asserts that there was sufficient evidence to suggest that the gun was not real because the victim admitted that she "did not know much about guns," and the alleged weapon was never recovered. (Pet. Supp. Mem. p.3-4.) But that is not evidence contradicting the victim's testimony. Rather, Allen has merely pointed to possible imperfections in the evidence suggesting that the gun was real. As such, we cannot agree that the refusal to instruct on simple robbery was error at all, let alone error leading to a "fundamental miscarriage of justice." Accordingly, we find no cause here to disturb the ruling of the Illinois courts.

      ii.  *Claims B and L: Excessive Sentence and Inadequate Presentence Report; Trial Court Failed to Consider Mitigating Factors in Sentencing*

With Claim B, Allen asserts that the trial court's imposition of a 48-year prison sentence was an unconstitutional abuse of discretion because "neither the instant complainant nor the complainants for the other armed robberies in which [Allen] was involved sustained any physical harm," and also because the trial court did not have an adequate presentence report. (Pet. p.6.) Similarly, with Claim L, Allen asserts that he was denied his "right to a fair sentencing hearing"

because the trial court failed to consider the factors of mitigation and aggravation, as required by the applicable Illinois sentencing statutes. (*Id.* p.7.) These appear to be part of the same claim, and so we treat them together, here.[3]

That nobody was physically harmed in any of Allen's armed robberies is inapposite. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit." *Gleason v. Welburn*, 42 F.3d 1107, 1112 (7th Cir. 1994) (citing *Williams v. Duckworth*, 738 F.2d 828, 831 (7th Cir.1984)). Armed robbery is a "Class X" felony under Illinois law. 720 ILCS 5/18-2(b). Because this was not Allen's first armed robbery conviction, he was eligible for an extended term sentence of 30 to 60 years. *See* 730 ILCS 5/5-8-2(a)(2). The imposition of a 48 year sentence was well within those limits. Indeed, Allen even admits that he was "eligible for an extended term." (Pet. p.6.)

Second, Allen claims that his presentence report was inadequate. However, the Appellate Court found that Allen had waived his objections to the "alleged deficiencies" in that report, because he failed to object to it at his sentencing hearing. *People v. Allen*, 249 Ill. App. 3d 888, 891, 619 N.E.2d 827, 829 (3rd Dist. 1993). Moreover, the Court noted that Allen "refused to be interviewed or cooperate in any way with the investigator in the preparation of the pre-sentence investigation report," *id.*, which Allen concedes. (Pet. p.8 ("As shown on the cover sheet for the presentence report, the Petitioner refused to cooperate in its preparation.")) "A default supplies an independent and adequate state ground for the judgment, so that questions of federal law no longer affect the

---

[3]However, assuming *arguendo* that Claim L is distinct from the similar claim set forth in Allen's direct appeal, it would be procedurally defaulted. As with Claims D, E, F, and J – discussed *supra* Section B(I) – Allen never raised this issue in appealing the dismissal of his collateral post-conviction petition, and has neither shown "cause" for this failure nor shown that procedural default would lead to a "fundamental miscarriage of justice."

12

outcome." *Jenkins v Gramley*, 8 F.3d 505, 507 (7th Cir. 1993).

Ultimately, "[t]here has been no showing that the sentencing court lacked jurisdiction to impose this term or committed a constitutional error making the sentence fundamentally unfair." *Gleason v. Welburn*, 42 F.3d 1107, 1112 (7th Cir. 1994) (citing *Bean v. United States*, 679 F.2d 683, 685 (7th Cir.1982)). Thus, we decline to disturb Allen's sentence on these grounds.

      iii.    *Claims M and N: Trial Counsel Was Ineffective for Eliciting Testimony Concerning Petitioner's Post-Arrest Silence; Appellate Counsel Was Ineffective for Failing to Argue on Direct Appeal that Trial Counsel Was Ineffective for Eliciting Testimony Concerning Petitioner's Post-Arrest Silence*

With Claim M, Allen argues that his trial counsel was ineffective for eliciting testimony concerning his post-arrest silence. (Pet. p.7.) Specifically, he points to the following exchange, which occurred during defense counsel's cross-examination of the arresting officer:

> Q. Okay. Now, you said that you read Mr. Allen the rights off of the Miranda form, correct?
>
> A. That is correct.
>
> Q. But you filled the answers out?
>
> A. That is correct.
>
> Q. Okay. Isn't it a fact that Mr. Allen refused to answer any questions?
>
> A. He refused to answer questions in reference to the case in which I asked him about.
>
> Q. Okay. So, he wasn't cooperating with you, correct?
>
> A. That is correct.

(Resp. Ex. N, *People v. Allen*, No. 3-99-0761, at 2 (3rd Dist. 2001)).

Derivatively, Allen argues that his appellate counsel was ineffective for failing to argue the ineffectiveness of trial counsel on direct appeal. (*Id.*) Allen raised both of these claims in his

collateral post-conviction petition (Resp. Ex. I, Sec. Amend. PCH, *Allen*, 90 CF 3964,) and the Appellate Court addressed both claims on the merits in its opinion affirming the dismissal of that petition. (*See* Resp. Ex. N, Court Order of June 11, 2001, *Allen*, 90 CF 3964, at 4.) Because Allen filed a PLA with the Illinois Supreme Court – which it denied (Resp. Ex. P., *Allen*, No. 91828,) – these claims are preserved for habeas review.

Our review of the state court's adjudication of this claim is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, Allen must establish that the state court adjudication of his case was "contrary to, or involved an unreasonable application of, clearly-established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254. *See also Murrell v. Frank*, 332 F.3d 1102, 1111 (7th Cir. 2003). In evaluating this claim, the Appellate Court applied the proper standard, as set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. CT. 2052 (1984). Accordingly, the only question here is whether the Court's application of that standard was "unreasonable." *See* 28 U.S.C. § 2254; *Murrell*, 332 F.3d at 1111.

Under the *Strickland* standard, Allen was required to demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) caused him prejudice. 466 U.S. at 687-88, 104 S. CT. at 2052 (1984); *see also Murrell*, 332 F.3d at 1111 (7th Cir. 2003.) In order to show "prejudice," Allen had to establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. CT. at 2052; *see also Murrell*, 332 F.3d at 1111. "The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one." *Murrell v. Frank*, 332 F.3d at 1111. Indeed, the Seventh Circuit has been explicit that "*only a clear error*

14

in applying *Strickland* [will] support a writ of habeas corpus." *Id.* (quoting *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997) (emphasis in original)). Accordingly, we will not disturb the state court's decision so long as it "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Id.* (quoting *Mendiola v. Schomig*, 224 F.3d 589, 591 (7th Cir. 2000)).

Applying *Strickland*, the Appellate Court reasoned that – because the "evidence of guilt was overwhelming" – trial counsel's representation could not have caused Allen prejudice, even if it was "objectively unreasonable." (Resp. Ex. N, *People v. Allen*, No. 90-CF-3964, at 4-5 (3rd Dist. June 11, 2001)). In making that determination, the Court observed that the victim's testimony "revealed that defendant was unmasked, [that] she had ample time to observe defendant, and [that] she recognized defendant as a frequent patron of the store." (*Id.* at 5.) Further, the victim testified that Allen visited the store *twice* that night, and that on the second visit, he revealed a gun to the victim while standing within a foot of her. (*Id.*) In addition to that eyewitness account, the Court noted, the jury was presented a videotape which "tended to corroborate [the victim's] testimony and her identification of [Allen] as the robber." (*Id.*) Finally, the Court looked to the evidence of flight that was presented, specifically that defendant was arrested in Atlanta, Georgia two months after the robbery, "as a circumstance tending to show a consciousness of guilt." (*Id.*)

Allen argues that this adjudication was unreasonable, noting that the first time he was tried for this crime, the jury "heard all of the same evidence, with the exception of Allen's post-arrest silence during questioning, and was unable to reach a verdict." (Pet. Reply p.9.) It likely follows, Allen argues, that "the second trial's conviction was triggered by the improper evidence." (*Id.*) Further, Allen points out that one of the Justices hearing the appeal dissented. (*See* Resp. Ex. N,

*Allen*, No. 90-CF-3964, at 7 (Slater, J., dissenting)). However, the majority affirmed the circuit court's dismissal of Allen's petition on the record, without conducting an evidentiary hearing, and the dissenting Justice simply concluded that Allen had "made a sufficient showing to warrant an evidentiary hearing on his claims." (*Id.* at 7 (emphasis added)) And, even assuming *arguendo* that there is ample room to disagree with the majority's application of *Strickland*, we cannot find that it was outside "the range of defensible positions." *See Murrell v. Frank*, 332 F.3d at 1111. Ultimately, "[o]ur task is to uphold those outcomes which comport with recognized conventions of legal reasoning and set aside those which do not." *U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 247 (7th Cir. 2003) (quoting *Ward v. Sternes*, 334 F.3d 696, 703 (7th Cir.2003)).

Also, Allen raises a "derivative" claim – Claim N – asserting that his appellate counsel was ineffective for failing to argue the ineffectiveness of his trial counsel. (Pet. p.7.) The Appellate Court concluded that, because Allen was "unable to establish that [trial counsel's] cross-examination was prejudicial to his case, appellate counsel cannot be construed as ineffective." (Resp. Ex. N, *Allen*, No. 90-CF-3964, at 6.) We agree: this claim can survive only if the underlying claim – that trial counsel was ineffective – is meritorious. For the reasons set forth above, it is not, and so neither claim gives us cause to disturb Allen's conviction.

        *iv.*     *Claim O: Ineffective Assistance of Post-Conviction Counsel*

Finally, Allen claims that, for various reasons, he received ineffective assistance of counsel in his collateral post-conviction proceedings. (Pet. p.7.) However, this claim is not cognizable in habeas proceedings: Section 2254 explicitly mandates that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I); *see also Johnson v.*

16

*McBride*, 381 F.3d 587, 590 (7th Cir. 2004) ("[N]either the sixth amendment nor federal law guarantees effective assistance of counsel for collateral proceedings . . . .) (citing 28 U.S.C. § 2254(I)). Accordingly, we do not consider this claim.

## CONCLUSION

For the reasons set forth above, Darryl Allen's petition for writ of habeas corpus is denied. It is so ordered.

                                                  Honorable Marvin E. Aspen
                                                  U.S. District Court Judge

Dated: December 27, 2006